**James E. HORVATH, Appellant,**

v.

**Don BOURNE, individually; Judy Duvall, individually; Mary Bradley, individually; Tish Rehm, individually; Ashlea Kilburn, individually; William F. Smith, III, individually; Mavis Neal, individually, Appellees.**

No. 05–2112.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 7, 2005.

Decided Nov. 7, 2005.

James E. Horvath, Benton, AR, pro se.

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

PER CURIAM.

James E. Horvath appeals the district court's [1] dismissal of his 42 U.S.C. § 1983 action. After de novo review, *see Charchenko v. City of Stillwater*, 47 F.3d 981, 982–83 (8th Cir.1995), we affirm because Horvath's claims were barred either by the *Rooker–Feldman* [2] doctrine, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, — U.S. —, —, — & n. 8, 125 S.Ct. 1517, 1523, 1526 & n. 8, 161 L.Ed.2d 454 (2005) (*Rooker–Feldman* doctrine recognizes that with the exception of habeas corpus petitions, 28 U.S.C. § 1331 does not allow district courts appellate jurisdiction over state-court judgments), or by res judicata, *see id.* at 1527 (federal court has to give same preclusive effect to a state-court judgment as another court of that State would give); *Wells v. Ark. Pub. Serv. Comm'n*, 272 Ark. 481, 616 S.W.2d 718, 719 (1981) (elements of res judicata). *See* 8th Cir. R. 47B.

---

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

2. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).